## S & B Electric v. Rado

*John M. Kuchka,* for plaintiff.
*John Arnold Crisman,* for defendant.

MYERS, *J.,* June 3, 1976 — On December 12, 1975, judgment was entered against defendant (hereinafter called appellant) by a district justice. Appellant filed a notice of appeal on January 6, 1976, 25 days after the entry of judgment.

Plaintiff then filed preliminary objections in the nature of a motion to quash. In its motion, plaintiff

contends that the appeal was not timely, because it was filed more than 20 days after the date judgment was entered by the district justice.

Appellant, on the other hand, argues that the 20 day appeal period should run from the date he received notice of judgment, not from the date judgment was entered.

However, the Act of December 2, 1968, P.L. 1137 (No. 335), sec. 5, 42 P.S. §3005, and Pa. R.C.P.J.P. 1002 both clearly state that an appeal from the decision of a district justice must be filed within 20 days of the entry of judgment.

The 20 day time limit for the filing of an appeal is jurisdictional, as are all other statutes of limitation. The requirement that the appeal be timely taken is therefore mandatory and binding, absent any allegations of fraud or its equivalent. No such allegations have been presented in the instant case.

Since the within appeal was not properly perfected in accordance with the requirements of section 5 of the act and Pa. R.C.P.J.P. 1002, we lack jurisdiction to consider any of appellant's contentions, however meritorious they may otherwise be: Milo v. Young (C. P. 26th Judicial District, Columbia County Branch, November term, 1974, no. 259, opinion of August 8, 1975); Pypiak v. Bobersky, 51 D. & C. 2d 738 (1971).

Accordingly, we enter the following

## ORDER

And now, June 3, 1976, defendant's appeal is dismissed, and the judgment heretofore entered by the district justice is affirmed. Costs to be paid by defendant. Exception noted.